UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

| | | |
|---|---|---|
| OPPENHEIMER & CO. INC., | : | |
| Plaintiff, | : | Case No: 1:24-cv-5865 |
| -against- | : | **COMPLAINT** |
| RCM LIVING HOLDINGS, LLC., | : | |
| Defendant. | : | |

---------------------------------x

Plaintiff Oppenheimer & Co. Inc. ("Plaintiff" or "Oppenheimer"), by its attorneys, Duane Morris LLP, as and for its Complaint against Defendant RCM Living Holdings, LLC ("Defendant" or "RCM"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover the sum of not less than $979,252.65 in fees and expenses owed to Oppenheimer by RCM for investment banking advice and services provided to RCM at RCM's request in connection with a November 30, 2023 sale and transfer of RCM securities. Pursuant to a written agreement executed between Oppenheimer and RCM on September 29, 2023 (the "Agreement"), RCM retained Oppenheimer to act as lead financial advisor for a potential transaction (the "Transaction") involving the sale or transfer of all or substantially all of RCM's assets or securities. Pursuant to the terms of the Agreement, upon the closing of the sale of all shares of RCM by its two shareholders on November 30, 2023, Oppenheimer was entitled receive a transaction fee (the "Transaction Fee") for its services, plus reimbursement of any expenses incurred by Oppenheimer.

2.      Under the tiered compensation schedule set forth on Page 2 of the Agreement Oppenheimer is entitled to receive a $25,000 retainer fee ("Retainer") within thirty (30) days of the effective date of the Agreement.  The Retainer is to be paid by RCM and credited against any fee owed to Oppenheimer in the event a Transaction is completed.  The amount of the remaining Transaction Fee RCM agreed to pay Oppenheimer is contingent upon the transaction value ("Transaction Value") on the date the transaction closes.  The Agreement provides that, if the Transaction Value is less than $15,000,000, the fee owed to Oppenheimer would be $1,000,000.  The Retainer is to be deducted from the Transaction Fee and Oppenheimer is allowed to recover its expenses incurred in connection with the services provided to RCM.

3.      On or about November 30, 2023 RCM, as buyer, and Joshua A. Green ("Green") and Christopher C. Felice ("Felice") as sellers, entered into a Membership Interest Purchase Agreement (the "Purchase Agreement"), wherein Green and Felice as holders of 100% of the membership interest of RCM, agreed to sell and transfer their interest to RCM.  The transfer was completed through the sale and transfer of all Class A shares held by Green and Felice to RCM.  The closing of this transaction constitutes a Transaction as defined by the Agreement and required RCM to pay Oppenheimer a fee of $1,000,000, plus expenses totaling $4,252,65, less the $25,000 Retainer paid by RCM.  As such, the total Transaction Fee owed to Oppenheimer upon the closing of the Transaction was $979,252.65.

4.      On December 13, 2023, shortly after the Transaction closed, Oppenheimer sent an invoice to RCM by email reflecting the fees owed to Oppenheimer under the Agreement (the "Invoice"). The Invoice demanded payment in the sum of $979,252.65 for services rendered by Oppenheimer to RCM.

5.      On May 7, 2024, having received no payment for the Invoice, Oppenheimer again

emailed a copy of the Invoice to RCM.

6. RCM did not respond or object to the Invoice, nor did it remit any portion of the amount owed to Oppenheimer, despite due demand.

7. RCM did not dispute any of the services rendered by Oppenheimer under the Agreement.

8. To date, RCM has failed to object or respond to the Invoice or Oppenheimer's demands for payment of the $979,252.65 due and owing for Oppenheimer's services.

## PARTIES

9. Plaintiff Oppenheimer & Co. Inc. is a corporation organized and existing pursuant to the laws of the State of New York that maintains its principal place of business at 85 Broad Street, 25th Floor, New York, New York 10004.

10. Upon information and belief, Defendant RCM Living Holdings, LLC is a limited liability company formed and existing under the laws of the State of Delaware that maintains its principal place of business located at 13355 Noel Road, Suite 1450, Dallas, TX 75240.

11. Upon information and belief, the five current members of RCM Holdings, LLC are Andrew C. Richardson, a resident of the State of Texas, Daniel A. Ward, a resident of the State of Michigan, Noah D. Himmel, a resident of the State of California, PPRE Services, LLC, a limited liability company formed and existing under the laws of the State of Florida that maintains its principal place of business at 7901 4th St. N., Ste. 300, Saint Petersburg, Florida, and Prete RE Investors, LLC, a limited liability company formed under and existing under the laws of South Dakota that maintains its principal place of business at 3916 N Potsdam Ave., Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves a dispute between a corporation organized pursuant to laws of the State of New York, with its principal place of business located within the State of New York, and a Delaware limited liability company, with its principal place of business in Texas, the five current members of the limited liability company are citizens of Texas, Florida, South Dakota, Michigan and California, and the amount in controversy exceeds $75,000.

13. This Court has jurisdiction over this matter pursuant to the terms of the Agreement which provide that the parties submit to the jurisdiction of the United States District Court for the Southern District of New York and that the Agreement is to be construed and governed by the laws of the State of New York.

14. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Oppenheimer's claims occurred within the Southern District of New York.

## BACKGROUND

**The Agreement**

15. Oppenheimer is an investment bank that provides services in wealth management, capital markets, investment banking, and financial consulting to a variety of clients worldwide.

16. Upon information and belief, RCM is a real estate holding company.

17. On September 29, 2023 Oppenheimer and RCM entered into a written Agreement pursuant to which Oppenheimer agreed to provide investment banking services to facilitate the sale or transfer of all or substantially all of RCM's assets or securities.

18. Pursuant to the terms of the Agreement, any such sale or transfer or sale of RCM's assets or securities qualifies as a Transaction regardless of the form or structure under

which the sale or transfer occurs. Ex. A at p. 1.

19. In exchange for its services, RCM agreed to pay Oppenheimer a fee based on the Transaction Value. *Id.* at p. 2. The Agreement was executed by Green, as manager of RCM, and Joseph Lovell ("Lovell"), as a managing director of Oppenheimer.

20. As compensation for Oppenheimer's services, the Agreement provides:

> In connection with this engagement, [RCM] agrees to pay Oppenheimer in cash:
>
> (a) a retainer fee of $25,000, payable thirty (30) days from the date of this letter agreement (the "Retainer"); plus
>
> (b) in connection with a Transaction, a cash fee (the "Transaction Fee") as follows:
>
> I. if the Transaction Value (as defined below) is less than $15,000,000, a Transaction Fee of $1,000,000;

Ex. A at p.2.

21. As for the Retainer fee, "[t]he Retainer shall be creditable once without duplication, and only to the extent previously paid to Oppenheimer, against a Transaction Fee." *Id.* at p.2.

22. The Agreement also entitles Oppenheimer to reasonable out-of-pocket expenses associated with the services provided. *Id.* at p. 3.

23. The Transaction Fee is payable to Oppenheimer upon RCM's receipt of the proceeds from the Transaction. *Id.* at p. 3.

24. Annex A to the Agreement requires RCM to reimburse Oppenheimer for all costs, including, without limitation, reasonable attorneys' fees and expenses of outside counsel in connection with "any Proceeding involving the enforcement of [the Agreement]". *Id.* Annex A, p. A-2.

**RCM's Breach of the Agreement**

25. During the period of approximately September 29, 2023 through November 30, 2023, Oppenheimer fully complied with its obligations under the Agreement and diligently provided substantial services and resources pursuant to the terms of the Agreement at RCM's request. Oppenheimer's services and resources helped facilitate completion of the Transaction.

26. At no time did RCM dispute or object to the services provided to it by Oppenheimer pursuant to the Agreement.

27. On November 30, 2023, Green and Felice entered into the Purchase Agreement with RCM wherein RCM agreed to purchase all shares of the company held by Green and Felice. Green sold and transferred his shares to RCM, which represented 85% of all outstanding Class A shares, and Felice sold his shares to RCM, which represented 15% of all outstanding Class A shares.

28. The November 30 transfer of the Green and Felice's Class A shares to RCM constitutes a Transaction, as that term is defined in the Agreement, because it was a sale and transfer of all of the Class A securities to RCM. *Id*. at p. 1. RCM's purchase of its own shares qualifies as a Transaction because the Agreement covers such a sale or transfer, "regardless of the form or structure thereof". *Id*. at p. 1

29. Pursuant to the compensation terms set forth in the Agreement, Oppenheimer is entitled to a fee of $1,000,000 plus the $4,252.65 in expenses it incurred in connection with the transaction. *Id*. at p. 2.

30. On December 13, 2023 Oppenheimer emailed Green an Invoice for $979,252.65, comprised of the $1,000,000 Transaction Fee, plus $4,252.65 in expenses incurred by Oppenheimer in performing services toward the Transaction, less the $25,000 Retainer paid by

RCM pursuant to the Agreement.

31. RCM retained the Invoice without dispute or objection.

32. After several follow up communications failed to produce a response, or payment, from RCM, Oppenheimer sent the Invoice to Green again by email on May 7, 2024. Once again, RCM did not dispute or object to the Invoice.

33. On June 24, 2024 Oppenheimer's Office of General Counsel sent a letter to Green and RCM CEO Andrew Richardson by email and U.S. Mail informing them that RCM was in breach of the Agreement for its failure to pay Oppenheimer the Transaction Fee that had been due and owing since November 30, 2023 (the "Demand Letter"). The Demand Letter attached a copy of the Invoice.

34. Once again, RCM neither objected to the Invoice, nor responded in any fashion to the Demand Letter.

35. As of the date of this Complaint, RCM neither has paid any portion of the Transaction Fee owed to Oppenheimer, nor has it reimbursed Oppenheimer for any of its reasonable out-of-pocket expenses associated with the Transaction, as provided for in the Agreement.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Breach of Contract)

36. Oppenheimer repeats and realleges each and every allegation set forth within Paragraphs 1 through 35 of this Complaint as if set forth in full herein.

37. Oppenheimer and RCM entered into an Agreement under which Oppenheimer agreed to provide investment banking advice and services to RCM to facilitate a Transaction RCM sought to complete.

38. The Agreement constitutes a valid and enforceable contract.

39. Oppenheimer performed each and every one of its obligations pursuant to the Agreement.

40. RCM materially breached the agreement by: (i) failing to pay Oppenheimer the Transaction Fee provided for within the Agreement; and (ii) failing to reimburse Oppenheimer for its reasonable out-of-pocket expenses associated with the Transaction.

41. Oppenheimer has incurred, and will continue to incur attorneys' fees and costs stemming from its enforcement of the Agreement as a direct result of RCM's breach of its payment obligations.

42. Oppenheimer has been damaged as a result of RCM's material breach of the Agreement in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest, and attorneys' fees and costs incurred enforcing the Agreement.

## SECOND CAUSE OF ACTION
### (Account Stated)

43. Oppenheimer repeats and realleges each and every allegation set forth within Paragraphs 1 through 42 of this Complaint as if set forth in full herein.

44. Oppenheimer issued an Invoice to RCM on December 13, 2023 and May 7, 2024 for the services it provided and the expenses it incurred pursuant to the terms of the Agreement.

45. Oppenheimer again demanded payment pursuant to the Agreement within its June 24, 2024 Demand Letter.

46. RCM received and retained the Invoice in each instance, as well as the Demand Letter, without dispute or objection.

47. Oppenheimer has been damaged as a result of RCM's failure to pay the Invoice, despite due demand, in an amount to be determined at trial, but in no event less than

$979,252.65, together with statutory interest, and attorneys' fees and costs incurred enforcing the Agreement.

## THIRD CAUSE OF ACTION
### (*Quantum Meruit*)

48. Oppenheimer repeats and realleges each and every allegation set forth within Paragraphs 1 through 47 of this Complaint as if set forth in full herein.

49. In the alternative and without waiver of the forgoing causes of action, Oppenheimer provided investment banking advice and services to RCM at the express request of RCM.

50. RCM accepted the benefit of Oppenheimer's investment banking advice and services without objection.

51. At all times, Oppenheimer reasonably believed that it would be compensated for its investment banking advice and services.

52. The reasonable and agreed value of the unpaid fee and expenses associated with Oppenheimer's investment advice and services related to the Transaction is not less than $979,252.65, together with statutory interest.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

53. Oppenheimer repeats and realleges each and every allegation set forth within Paragraphs 1 through 52 of this Complaint as if set forth in full herein.

54. In the alternative and without waiver of the forgoing causes of action, RCM benefitted from the investment banking advice, services and resources Oppenheimer provided to assist RCM in completing the Transaction.

55. By retaining the benefit of Oppenheimer's advice, services and resources without

payment of the Transaction Fee and expenses listed in the invoices RCM received, RCM has been unjustly enriched.

56. Oppenheimer has been damaged as a result of RCM's unjust enrichment in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest.

## PRAYER FOR RELIEF

WHEREFORE, Oppenheimer requests that this Court enter Judgment in favor of Oppenheimer and against RCM as follows:

(i) On Plaintiff's First Cause of Action in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest from November 30, 2023, and its reasonable attorneys' fees and costs;

(ii) On Plaintiff's Second Cause of Action in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest from November 30, 2023, and its reasonable attorneys' fees and costs;

(iii) On Plaintiff's Third Cause of Action in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest from November 30, 2023;

(iv) On Plaintiff's Fourth Cause of Action in an amount to be determined at trial, but in no event less than $979,252.65, together with statutory interest from November 30, 2023;

(v) Awarding Oppenheimer recovery of its costs associated with this action, including, but not limited to reasonable attorneys' fees; and

(vi) Awarding Oppenheimer such further relief as this Court deems just and proper.

Dated: New York, New York
August 1, 2024

                    DUANE MORRIS LLP

By:    Walter A. Saurack (WS-8815)
        Nelson M. Stewart
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200
WASaurack@duanemorris.com
NMStewart@duanemorris.com
*Attorneys for Plaintiff*
*Oppenheimer & Co. Inc.*