UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OPPENHEIMER & CO., INC.,

                Plaintiff,

-against-

RCM LIVING HOLDINGS, LLC,

                Defendant.

Case No. 24-cv-05865 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Oppenheimer & Co. Inc. ("Oppenheimer") brings this action against Defendant RCM Living Holdings, LLC ("RCM"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Oppenheimer alleges that it is a citizen of New York. *See* Dkt. 5 ("Compl.") ¶ 9. It alleges that RCM is a citizen of Delaware, Texas, Michigan, California, Florida, and South Dakota. *See id.* ¶¶ 10-11.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so for two members of RCM that are themselves LLCs: PPRE Services, LLC and Prete RE Investors, LLC.

Compl. ¶ 11. Oppenheimer alleges the state of incorporation and principal place of business of these member LLCs, *id.*, but it does not allege the citizenship of the members of those member LLCs. *See Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ("[I]f either of the LLC-parties have members which are LLC[s], the citizenship of the members of those LLC[s] must also be given, and must be diverse."); *FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21-cv-00797 (JLR), 2022 WL 16837967, at *1 (S.D.N.Y. Nov. 9, 2022) ("[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." (quoting *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020))). Therefore, Oppenheimer fails to properly allege the citizenship of RCM itself.

Accordingly, it is hereby ORDERED that, on or before August 26, 2024, Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising RCM, including the citizenship of each member of any LLCs that are themselves members of RCM. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: August 5, 2024
New York, New York

JENNIFER L. ROCHON
United States District Judge